IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Christopher Lee Johnson, | ) | C/A No. 6:17-1844-MGL-JDA |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Dept. of Justice, Financials, Dept. of State, Goldman Sachs, J.P. Morgan Chase, Citigroup, Morgan Stanley, U.S. Treasury Dept., Dept. of Justice, Loyd Blank Fien, Jamie Diamon, James Gorman, U.S. Federal Reserve, | ) | |
| Defendants. | ) | |

Christopher Lee Johnson ("Plaintiff"), proceeding pro se, brings this civil action apparently seeking damages for alleged violations of his constitutional rights. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

**BACKGROUND**

Plaintiff appears to reside in Greer, South Carolina, and he brings suit against several federal agencies and financial institutions. [Doc. 1.] Although the Complaint is difficult to decipher, Plaintiff seems to allege the following facts.[1] On November 11, 2013, Plaintiff received a vaccination from Palmetto Med Assoc, and due to the glitch in the Obamacare website that was caused by large banks (Goldman Sachs and Loyyd Blank Fien with business in China) he was given illegal drugs, meth, cocaine, crack synthetic, opioids, and other harmful substances. [*Id.*] This happened for more than a month, and

---

[1]The Court is not giving all factual details; instead, the highlights of the facts are being set forth in the background section.

these drugs were coming out of his eyes and felt like ears. [*Id.*] The banks experimented on healthcare with him and religion and mortgage backed securities. [*Id.*] The government took over his life for 3 years and 9 months and he was used for diplomacy, mental anguish, and torture. [*Id.*]

On December 12, 2013, Plaintiff got a headache because he went to the police department and opened a case on a forged countercheck; the next day his leg went numb (all of this happened while the IRS tax scandal was going on that pertains to him); he then went to Pelham Hospital, where he was given a "lethal injection;" upon return to his house the meth started back and he started smelling chemo; he returned to the hospital 3–4 more times during the next 3 weeks. [*Id.*] "The bank at Goldman Sachs was trying to kill me over brain cancer. . ." [*Id.*]

In October 2013, Plaintiff called the police, the FTC, the FBI and NSA because his computer was bring hacked, "'my neighbor is from Iran' he sanctioned them and now have eminent domain on me and an nuclear agreement." [*Id.*] Plaintiff was used for elections as a stock market model. [*Id.*] Plaintiff has currencies on him including, "the euro, US dollar, pound, yen, ruble, yaun, ringet and the thai bot, rupee, swiss franc with currency manipulation that had China and Russia at a trade war on me being made an example out of I.S.I.L. religion and terrorism." [*Id.*] ". . . the rebel flag being taken down was substituted for semen." [*Id.*] "The justice dept was supposed to be taking up for me they were too busy trying to put me to death when they were working with Hillary Clinton and keeping me in sufferage so politicians can finance terrorism." [*Id.*]

Plaintiff "is still in political agendas that have know (sic) where to go they were trying to put me to death in the media even after Justice John Roberts put me through the rule

2

of law. . ." [*Id.*] Plaintiff has "been employed by the govt and they invested 100 billion dollars and have an account at the fed reserve for me but never compensated me over Iran and eminent domain." [*Id.*] "They were and are trying to overthrow the govt and corrupt institutions for the govt to run and make money off of 'people' . . . after the State dept has gotten 8 diplomatic solutions from my time and have taken over my life hostage." [*Id.*] ". . . there is obstruction of justice over me being a stock market and campaign model." [*Id.*]

Based on these facts, Plaintiff seems to allege violations of the First Amendment inclusive to the Thirteenth or Fourteenth Amendments. [*Id.*]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v.*

3

*Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## **DISCUSSION**

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also McCleary-Evans v. Maryland Dep't of Transp.*, 780 F.3d 582, 585–87 (4th Cir. 2015) (noting that a plaintiff must plead enough to raise a right to relief above the speculative level); *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). A plaintiff must do more than provide a formal recitation of the necessary elements of a claim because that would constitute merely conclusions and only speculation would fill the gaps in the complaint. *McCleary-Evans*, 780 F.3d at 585.

If a plaintiff's complaint raises a federal question, this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an

4

action "'. . . arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted). To invoke this Court's federal question subject matter jurisdiction, a plaintiff needs to allege a colorable claim arising under the laws of the United States. *See Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452–53 (4th Cir. 2012) (explaining that where a plaintiff invoking § 1331 "pleads a colorable claim 'arising under' the Constitution or laws of the United States," he invokes federal subject matter jurisdiction) (citation omitted). In other words, to allege a plausible federal question claim, a plaintiff must allege some factual content and sufficient detail to support the contention that a defendant violated a federal law. *See Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014).

Here, although it is difficult to decipher, liberally construed Plaintiff may purport to bring this lawsuit based on federal question jurisdiction, for example, by alleging violations of constitutional rights pursuant to 42 U.S.C. § 1983 and/or *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971). However, upon review, Plaintiff does not sufficiently allege any cause of action—for a violation of a federal law or otherwise. For example, Plaintiff cannot sue a federal agency pursuant to *Bivens*. *See Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002). And, the fact that Plaintiff allegedly possesses several foreign currencies or that the rebel flag has been taken down does not allege a plausible claim. Thus, Plaintiff's allegations are insufficient to establish subject matter jurisdiction or allege a plausible claim that should be served. *See Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989) (a patently insubstantial complaint such as absolutely devoid of merit may be dismissed for lack of subject matter jurisdiction).

Additionally, Plaintiff's entire Complaint may be dismissed because it is factually frivolous. Plaintiff's factual allegations seem fantastic, fanciful, and delusional, including but not limited to: Plaintiff was given a lethal injection; banks experimented on healthcare with Plaintiff; Goldman Sachs tried to kill Plaintiff over brain cancer; Plaintiff has eminent domain on himself and a nuclear agreement; and Plaintiff was used for elections as a stock market model. *See Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. May 15, 2007); *Brock v. Angelone*, 105 F.3d 952, 953–54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *cf. Sloan v. City of Asheville Police*, No. 91-6330, 1992 WL 212141 (4th Cir. 1992) (finding that allegations by a homeless person that he was harassed by police is not inherently fantastic or delusional). Therefore, this Court should dismiss this action based on frivolousness. *See Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact); *Nagy v. FMC Butner*, 376 F.3d 252, 256–57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'").

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S.

319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

August 8, 2017  S/Jacquelyn D. Austin
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).